UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   07 CV 4226 (NG) (JO)
GARY LA BARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds

                                                               **ORDER**

                    **Plaintiffs,**

   - against -

**BEST FRIENDS TRUCKING COMPANY,**

                    **Defendant.**
------------------------------------------------------------------------x

**GERSHON, United States District Judge:**

       This is an action for unpaid contributions brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendant defaulted. Plaintiffs' motion for a default judgment was granted and the case was referred to Magistrate Judge James Orenstein to determine the scope of relief, including injunctive relief, damages, interest, costs, and attorneys' fees, if any, owed to plaintiffs. Plaintiffs now seek *de novo* review of the Report and Recommendation of Judge Orenstein, dated February 19, 2010, which, with very limited exceptions, rejected plaintiffs' requests for damages as insufficiently supported and also recommended a reduction in the amount of attorneys' fees and costs to be awarded. As Judge Orenstein recognized, under ERISA, plaintiffs, Trustees of various funds on behalf of defendant's unionized employees, are entitled to recover from the defendant employer unpaid contributions, interest on the unpaid contributions, an additional amount of liquidated damages, reasonable attorneys' fees and litigation costs. 29 U.S.C. § 1132(g)(2). They are also entitled to late charges in the form of interest and liquidated damages, where payroll reports were filed and payments were made, but the payments

1

were late. *See* Schreiber Aff. Ex. C - Trust Agreement, Art. IX §§ 1(b), (e); § 3.

<u>Damages and Other Relief</u>

Judge Orenstein found that the complaint adequately established liability for breach of contract and a violation of ERISA. He further accepted the Trustees' calculations of the amounts they claim to be owed under the Trust Agreement between the parties. He did not, however, find that plaintiffs had established their right to use of what is referred to as the penalty provision of the Trust Agreement, Article IX, § 1(e), which allows the Trustees to compute contributions owed where no employer reports are filed for a given remittance period.

Two formulas are available under the penalty provision, one for use where no prior reports have been filed by the employer, and one for use where prior reports have been filed. The principal point in issue is whether Judge Orenstein correctly read the penalty provision of the Trust Agreement as requiring plaintiffs to have made a written demand for the required monthly payroll reports in order to use either one of these formulas. I conclude that he did not. Judge Frederic Block, of this court, analyzed the section at issue at length, and other applicable sections of the Trust Agreement bearing on its interpretation, in *La Barbera v. D.& R. Materials, Inc.*, 588 F. Supp. 2d 342, 345-47 (E.D.N.Y. 2008). Upon review of the language of the Trust Agreement, I agree entirely with Judge Block's analysis. I therefore uphold plaintiffs' objection to Judge Orenstein's contrary conclusion.

The second point in contention is Judge Orenstein's conclusion that there is "an independent reason" for rejecting the formula for use when no prior reports have been filed by the employer. The reason, according to Judge Orenstein, is that plaintiffs "have made no attempt" to prove that the reports were not filed. Plaintiffs' objection is upheld. It is readily and reasonably inferable from

the affirmation submitted in support of damages that no reports were filed for the weeks in question. Indeed, no other inference is possible, in my view, and no additional proof is necessary to establish damages to a reasonable certainty.

Therefore, plaintiffs are entitled to the damages they seek.[1] I award plaintiffs damages totaling $382,452.64, representing unpaid contributions, interest on unpaid contributions, liquidated damages, and late fees, but exclusive of attorneys' fees and costs. This sum includes $995.37 in unpaid contributions, interest, and liquidated damages for work performed by Francisco Andujar, who worked 24 hours for defendant over two different remittance periods, for which defendant submitted reports showing no hours worked. Schreiber Supp. Aff. ¶¶ 12, 25. Judge Orenstein recommended that plaintiffs be awarded *only* the contributions due for Andujar's work. I agree that plaintiffs are owed for Andujar's hours, but do not agree that this small sum is the only recovery to which plaintiffs are entitled.

Finally, plaintiffs do not object to Judge Orenstein's recommendation that injunctive relief be denied, which I now adopt.

Attorneys' fees

Plaintiffs object to Judge Orenstein's recommendation that their attorneys' fees be reduced. Judge Orenstein found that the hourly fees sought are excessive and that the hours expended, though sufficiently documented, were not entirely justified. Upon *de novo* review, I award plaintiffs $275 per hour for the 2.77 hours of legal work of Avram Schreiber, Esq.; a rate of $125 per hour for the

---

[1] Like Judge Orenstein, I accept plaintiffs' damages calculations.

legal work done by the more junior attorneys,[2] and $80 per hour for all paralegal work.

Although I agree with Judge Orenstein that the total number of hours expended was excessive, I find that an appropriate reduction in the work of the junior lawyers is 20%. Despite defendant's default in this straightforward ERISA action, and despite Mr. Schreiber's acknowledged expertise in ERISA litigation, the work required of plaintiffs' counsel was time-consuming and painstaking, and resulted in the recovery of a significant amount of unpaid contributions. Plaintiffs' requested 51.63 total hours are high, but most of the work (31.51 hours) was performed by junior attorneys at a much lower hourly rate than Mr. Schreiber's, or by paralegals (17.35 hours). Therefore, I do not find a major reduction necessary. The number of hours attributed to the junior attorneys will be 25.20 hours, for a total of $3,150.

Finally, the following costs are awarded: $350 filing fee; $65 service of process fee; $100 in costs for copies and postage. Judge Orenstein's view that these costs were not sufficiently supported is rejected.

The amount awarded in attorneys' fees and costs is as follows: $5,299.75 in attorneys' fees, representing $761.75 for Mr. Schreiber's legal work, $3,150 for the junior attorneys' legal work, $1,388 for all paralegal work, and costs of $515.00, for a total of $5,814.75.

---

[2] The junior lawyers billed at differing rates, from $200 to $225, and also billed a few hours at $80 per hour for paralegal work. Under all the facts and circumstances, and considering hourly rates approved in recent Eastern District of New York cases, a rate of $125 per hour is appropriate. *See, e.g.*, *King v. STL Consulting, LLC*, No. 05-CV-2719, 2006 WL 3335115, at *7 (E.D.N.Y. Oct. 3, 2006).

## CONCLUSION

For the foregoing reasons, plaintiffs' request for damages is GRANTED. Plaintiffs' request for a permanent injunction is DENIED. The Clerk of Court is directed to enter judgment in favor of plaintiffs in the amount of $388,267.39, representing $382,452.64 in unpaid contributions, interest, and damages, and $5,814.75 in attorneys' fees and costs.

**SO ORDERED.**

　　　/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated:　April 27, 2010
　　　　Brooklyn, New York